CANDACE, The (UNITED STATES v.). See Case No. 2,379.

CANDALERO, The (McGRATH v.). See Cases Nos. 8,809 and 8,810.

CANDEE (DAY v.). See Case No. 3,676.

CANDEE (IVORY v.). See Cases Nos. 4,582 and 4,583.

---

## Case No. 2,380.

### In re CANFIELD.

[5 Law Rep. 415; 1 N. Y. Leg. Obs. 234.]

District Court, N. D. of New York. Nov., 1842.

PETITION IN VOLUNTARY BANKRUPTCY—PRIOR INVOLUNTARY PROCEEDINGS.

A petition by a debtor to be declared a bankrupt will be received, notwithstanding a petition for a compulsory decree has already been filed, and an order of notice to show cause thereon obtained by a creditor against the same debtor.

[Applied in Re Flanagan, Case No. 4,850.]

In bankruptcy. [In the matter of Philemon Canfield.] In this case the question was whether a petition by a debtor praying to be declared a bankrupt, could be received, notwithstanding a petition for a compulsory decree had already been filed, and an order of notice to show cause obtained thereon by a creditor against the same debtor.

---

[3] [3 Am. Law Rev. 575, gives "convicted."]

[4] [From 3 Am. Law Rev. 575.]

[4] [From 3 Am. Law Rev. 575.]

CONKLING, District Judge. I can perceive no sufficient reason why the pendency of the creditor's petition, on which no decree of bankruptcy has yet been granted, should be considered a bar to the right of voluntary petition, secured by the act to the debtor. The act contains no such limitation of this right. The debtor may have good reasons for wishing to exercise it, notwithstanding the prior prosecution of a petition in invitum. He may be apprehensive that it may be voluntarily abandoned; or he may know that the charges it makes against him are unfounded, and think proper to contest their truth, and thus defeat the petition. I cannot see that any injury can possibly be done to creditors by allowing this practice, while in one respect it is advantageous, by giving them the benefit of the petitioner's schedules of debts and property without expense.